No. 10,685.

### John T. Whitaker vs. J. H. Ashbey.

1. Although the redemption of property sold for taxes creates no new rights, the one in whose name the property was assessed can not redeem it unless he discloses at least an ostensible interest still remaining, entitling him to redeem.
2. If the property be sold at sheriff's sale, the purchaser placed in possession, and the alleged debtor surrenders possession, and pays rent, he can not redeem the property and resume the possession as owner and usufructuary, of which he had been divested.
3. The error or mistakes in a judicial sale when the nullity is not a matter of public interest, but entirely in a matter of private interest, can not be corrected or examined collaterally.
   The nullity resulting from a judicial sale, on which the price bid did not exceed the prior conventional mortgage, is relative, and a direct action must be brought to have the nullity declared, when the certificate of mortgages does not show that there was any prior conventional mortgage.
4. A tender having been made of the taxes, costs and penalty—if the adjudication sought to be collaterally annulled should be annulled in a direct action—the right secured by the tender is reserved.

APPEAL from the Civil District Court for the Parish of Orleans.
   *Monroe, J.*

*Moise & Titche* for Plaintiff and Appellee:

1. A lessee's possession of property is that of his lessor.  He can not dispute the latter's title.  37 An. 732; 23 An. 585; 17 An. 154; 11 An. 632; 12 R. 214; 1 An. 820; 10 L. 362; 8 R. 213; 11 L. 173; 5 An. 36; 2 R. 461; 6 R. 139; 6 R. 1; Abbott's Trial Ev., p 528, No. 14.
2. A sheriff's deed valid upon its face can not be treated as an absolute nullity in a collateral proceeding.  One claiming ownership of property sold at sheriff's sale, and who charges that said sale is null for defects not apparent on the face of the deed, must bring a direct action of nullity.  29 An. 698; 24 An. 224; 28 An 639; 11 An. 614; 24 An. 445; 16 La. 433; 6 An. 688; 11 La. 149; 13 La. 433; 3 R. 119; 10 R. 396; 11 R. 67.
3. Article 684 of the Code of Practice applies exclusively to special or conventional mortgages.  Pasley vs. McConnel, 38 An. 474; 1 An. 32, 426; 2 An. 617; 5 An. 574; 736; 7 An. 614.

Whitaker vs. Ashbey.

4. If a sale is made in contravention of the provisions of said article, the nullity is *relative* only. Lawrence vs. Birdsale, 6 An. 688.
5. A legal tender made to a purchaser of property at a tax sale will preserve such person's rights in case such tender is *refused*. Montgomery case, 31 An. 330.
6. One divested of his ownership of property by a judicial sale, and subsequently by a valid written instrument recognizes the adjudicatee as owner, and leases the property from her, has no redeemable interest in the property. Those only having a real interest in property can redeem a tax sale. Cooley, Taxation, 2d Ed., 540; Blackwell, Tax Titles, 5th Ed., Sec. 707.
7. It is confessedly the duty of the court to require satisfactory evidence of a right to redeem. Blackwell, Tax Titles, Sec. 707.

---

*Jos. H. & Zach. Spearing* for Defendant and Appellant:

1. Any person who claims to be the owner of property sold for taxes, or who has an interest that may be affected by the tax sale, is entitled to redeem the sale. Cooley on Taxation, pp. 366, 368; Black on Tax Titles, Secs. 176, 189, 197; Burroughs on Taxation, Sec. 125; Blackwell on Tax Titles, p. 424; Montgomery & Deloney vs. Sheriff, 31 An. 331; Basso vs. Benker, 33 An. 435; Alter vs. Shepherd, 27 An. 208.
2. Redemption creates no new title; it simply places all parties exactly where they were before the tax sale. No rights are acquired or lost by redemption. The law favors redemption, and will enforce them when a sufficient amount has been tendered. Same authorities.
3. If the highest price bid at a sheriff's sale is not sufficient to discharge the prior mortgages and which have a preference over the judgment creditor, there is no adjudication. Any pretended adjudication for a price less than the amount of prior mortgages legally due conveys no title. C. P., 684; Chaffe & Bro. vs. Morgan, 30 An. 1311; Ashbey vs. Ashbey, 41 An. 138.
4. The purchase by an attorney at law of property, the title to which is in litigation, is the purchase of a litigious right, and as such is prohibited. Billot vs. Robinson, 13 An. 530; Duson vs. Dupré, 33 An. 1133 to 1135; C. C. 2652 (2622), 2653 (2623), 3556 (3522), par. 18; 2447 (2422).

---

The opinion of the court was delivered by

BREAUX, J. The pleadings are an order granted to plaintiff as authorized by Section 65 of Act 85 of 1888, to place him in possession of property he bought at tax sale.

The defendant sued out a writ of injunction September, 1889, on the ground that he had made a tender to plaintiff of the price, costs and penalty, which he refused.

The plaintiff, defendant in injunction, filed an exception, in which he alleges that, at the time of the tax sale, Ashbey was not the owner of the property; that he was a tenant only, without right to redeem the property.

By consent this exception was referred to the merits.

The answer denies defendant's allegation, and presents substantially the same grounds of defence as presented by way of exception.

The defendant in injunction filed a plea in reconvention for rent.

Judgment was pronounced in favor of the defendant, dissolving the injunction and directing that he be placed in possession of the property and condemning Ashbey to pay rent.

From this judgment plaintiff in injunction appeals.

I.

The facts are, that the property forming the subject of this suit was assessed in the name of defendant in 1888.

The taxes not having been paid, it was duly advertised in his name, and was adjudicated to plaintiff at tax sale on the second day of July, 1889.

Before twelve months had elapsed after the sale, and prior to the writ of injunction, tender was made by him of the price, costs and penalty.

On the 22d day of May, 1886, the property it is sought to redeem was adjudicated to Mary J. Ashbey, tutrix, under execution in suit No. 13,784 of the docket of the Civil District Court, entitled Mary J. Ashbey, Tutrix, vs. Joseph H. Ashbey.

Deed was made to her by the sheriff in the said capacity, and she was placed in possession by him. This deed was recorded in the Conveyance Office May 2, 1888.

Afterward, during a period of about six months, the defendant paid rent to the purchaser.

The latter sold the property to the plaintiff, but defendant in injunction, on the 21st of November, 1889.

We will at this time decide a bill of exception relating to this sale.

The defendant Ashbey objected to the deed of sale by Mrs. Ashbey to plaintiff offered in evidence, on the ground that the plaintiff was the attorney for the vendor (Mrs. Ashbey) of the property to him, with knowledge of all the facts and proceedings. That the right was litigious and the attorney could not purchase the title.

This objection can not be maintained in this action.

The issue is not raised in the pleadings. The attorney has not been cited to answer that plea. It can not be presented in this collateral manner.

A purchase in violation of Article 2447 is a relative nullity. N. O. Gas Light Co. vs. Webb, 7 An. 168.

The defendant and Mary J. Ashbey have had several suits, and their claims to this property have been considerably discussed. Ashbey vs. Ashbey, 39 An. 105; Ashbey vs. Ashbey, 41 An. 102; Ashbey vs. Ashbey, 41 An. 138.

In the first no issues were decided. In the second a revocatory action brought by her, as tutrix, against the defendant to annul a conventional mortgage bearing upon the property in question, was decided adversely to plaintiff's demand.

In this case, the second above quoted, it is stated:

"For the purposes of this case, under the restricted issues to be discussed, it is unnecessary to determine whether the mortgage resulting from the judgment of adjudication of January 23, 1858, had been preserved by inscription and timely reinscription. No claim is pressed under that mortgage. The vital question is whether the indebtedness resulting from the judgment was or was not alive at the date of the mortgage."

We have copied this statement at length for the reason that it is claimed by the defendants that the mortgage sought to be annulled in that case was prior in rank, at the time that the property was adjudicated to Mary J. Ashbey, and that therefore this adjudication to her was null.

In the third suit, before quoted, Mary J. Ashbey, plaintiff, as natural tutrix, of her minor children, and joined by her children of age, and the tutor of one of her grandchildren took a rule against the defendant Joseph H. Ashbey personally and as tutor of his children to have canceled several mortgages affecting the property, subject to this suit, which had been adjudicated to her on 22d May, 1886.

The defendant in that suit filed a number of pleas.

Among them the following, to-wit:

1. That a conventional mortgage securing promissory notes can not be treated as a nullity.

2. The nullity of the adjudication to plaintiff, Mary Ashbey.

The issues were not decided, and plaintiff's rule was dismissed.

The records of the quoted suits were offered in evidence, but not admitted.

The court a qua ruled that they were irrelevant; a bill of exception was taken to the court's ruling.

There is no necessity to decide the question presented, as our conclusion will be reached without reference to this bill of exception.

After the rule to cancel the mortgage had been dismissed (41 An. 132), the defendant in rule, plaintiff in injunction, Ashbey, proceeded by rule, viz: in March, 1890, to have the adjudication to her annulled, and to compel her to show cause why possession of the property should not be restored to him, and why she should not account for the rents of the property.

The adjudicatee, Mary J. Ashbey, excepted to this rule, because the proceeding should be by direct action and not by rule.

The exception was maintained, the rule dismissed, reserving to plaintiff in rule the right to proceed by petition and citation.

From this judgment no appeal was taken, but the defendant has not chosen to avail himself of the recommendation of the decree, and to bring a direct action.

The fact remains, that at the time the defendant attempted to redeem the property which had been sold at tax sale, on the face of the record he was not the owner, and was not in possession of the property.

We are called upon by him to decide that the adjudication made to Mary J. Ashbey is absolutely null, and that his right to redeem was unaffected by it, and that he should be restored to the possession, as though he had never been dispossessed.

It is contended that, at the time the property was adjudicated to Mary J. Ashbey (the vendor to plaintiff) there was a mortgage bearing upon it preceding the one under which the property was sold.

The defendant invokes the principle that, where the price offered by the highest bidder is not sufficient to discharge the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, there should be no adjudication.

Several difficulties present themselves to the granting to defendant the relief asked:

1. The judgment creditor, at whose instance · the property was sold, who became its adjudicatee, and to satisfy whose claim it was sold, is not a party to these proceedings.

2. The records do not disclose that there was a prior mortgage at the time it was adjudicated to her.

3. If there was, a direct action should be brought to set aside the sale.

The purchaser must be made a party to the suit in order that the priority and rank of the mortgage may be determined.   Sittig vs. Morgan, 5 An. 575; Suc. of Fontelieu, 28 An. 639.

We will not assume in these proceedings that there was a prior mortgage.

The issue of priority of mortgage is not presented; in addition, the certificate of mortgage did not show any prior conventional mortgage.   Pasley vs. McConnell, 38 An. 470.

The case from which we have before quoted (41 An. 102) does not finally settle the question of mortgage rights between the parties. If it does in that case settle that question, it can not avail in the pending case, in which there are other interests involved, which can be affected only in a direct action.

4. In the case at bar the court had jurisdiction, due notice was given and advertisement made.

The certificate of mortgage was read, and the property was adjudicated to the judgment creditor.

The sheriff in his deed credited the price as so much received by the seizing creditor.

The deed was duly recorded.

In all these proceedings not the least objection was made by the judgment debtor.

The purchaser was placed in possession; during six months the defendant Ashbey paid rent on the property.

He also acknowledged her possession in his rule filed to have the adjudication annulled, and to be restored to possession (which was dismissed, as we have before mentioned).

The property has been sold to plaintiff since it was adjudicated to the judgment creditor, Mrs. Ashbey, who is not a party to this suit.

The errors or mistakes in a judicial sale, where the nullity is not a matter of public interest, but entirely in a matter of private interest, can not be corrected or examined into collaterally.   Dupuy vs. Bemiss, 2 An. 509; Gillis vs. Carter, 29 An. 698; Doherty vs. Leeke, 24 An. 224.

A title will be upheld until a direct action is brought, setting forth and proving especially its defects.

The principle involved has received consideration in several decisions.   The conclusion reached in the case of Whitehead vs. Cramer, 2 An. 617 and 859, could not have been reached, if the nullity, re-

sulting because of a prior existing conventional mortgage, had been thought absolute.

It was held "that the fact that the sum for which property was adjudicated at a judicial sale is less than the amount of previous special mortgages, will not prevent a sale where the previous mortgages are in favor of the judgment creditor."

The subject was directly considered in the case of Whitehead, Receiver, vs. Wiley, 9 An. 214, and the same plaintiff vs. Cramer, Ib. 216, and it was decided that the nullity resulting from a judicial sale, on which the price bid does not exceed the prior conventional mortgage, is relative only.

The question was again under consideration in the case of Lane vs. Cameron, 36 An. 773.

The absolute invalidity of the sale was urged on the ground "that the bid did not exceed the prior special mortgages on the property."

The court held that the mortgage certificate "did not show any prior special mortgage," and further declined to decide, in the absence of the creditor of the mortgage, questions involving *its existence, record* and *rank*.

The mortgage certificate, in the case at bar, did not show any prior special mortgage, and the creditor of the mortgage is not a party to the suit.

The grounds of nullity urged in this case will not be considered collaterally.

A direct action must be brought.

The plea in reconvention for rent is supported by Section 66 of the revenue act of 1888, and was properly allowed.

It is proven that the defendant has made a tender of the taxes, costs and penalties before the twelve months had elapsed after the sale.

His rights are especially reserved.

If, in a direct action, the adjudication to Mary J. Ashbey, made on the 22d of May, 1886, be annulled also, the alleged rights invoked by plaintiff, as vendee, after legal tender, the right of redemption shall be complete.

The judgment appealed from having been amended by reserving to defendant his right to redeem (if the adjudication and sale be annulled) the judgment is affirmed with this amendment at appellee's costs.